**E-FILED**
Thursday, 01 July, 2010  09:55:31 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| **STRATEGIC CAPITAL BANCORP INC.** | ) | |
| **and GARY L. SVEC,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:10-cv-02062** |
| | ) | |
| **ST. PAUL MERCURY INSURANCE** | ) | |
| **COMPANY, DWIGHT MILLER, WELLS** | ) | |
| **ANDERSON, GENE KING, TERESA KING,** | ) | |
| **and GLENDA L. LANE AS TRUSTEE OF** | ) | |
| **THE GLENDA L. LANE TRUST,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### OPINION

This case is before the court for a ruling on Plaintiff, Strategic Capital Bancorp Inc.'s (SCBI), Motion for a Preliminary Injunction (#11).  This court has carefully considered both the arguments and documentation submitted by both parties.  Following this careful and thorough review, SCBI's Motion for a Preliminary Injunction is DENIED.

### FACTS

Strategic Capital Bancorp Inc. (SCBI) filed the present suit to require Defendant, St. Paul Mercury Insurance Company (St. Paul), to cover their attorneys' fees in an action filed against them in the Circuit Court of the Sixth Judicial Circuit, Champaign County, Illinois.  SCBI claims that St. Paul is required to pay any fees associated with the case pursuant to a duty to defend clause in the insurance policy (Policy) issued to SCBI by St. Paul.   After the case was removed to the Central District of Illinois, SCBI filed a motion for a preliminary injunction that the court now addresses.

St. Paul issued an insurance policy to SCBI on July 8, 2008 with an expiration date of

July 8, 2011.  The Policy, SelectOne for Community Banks policy number EC01201615,
includes a section entitled "Duty of the Insurer to Defend" which insures the policyholder
against losses incurred in defending against any claim covered under the policy.  The Policy also
states "[t]he Insurer shall not be liable for Loss on account of any Claim made against any
Insured brought or maintained by or on behalf of any Insured..."  This exclusion is known as the
Insured vs. Insured exclusion.

     SCBI's motion for a preliminary injunction comes after St. Paul failed to cover any of its
defense costs associated with an action brought against SCBI in the Circuit Court of the Sixth
Judicial Circuit, Champaign County, Illinois (see Miller below).  According to SCBI, St. Paul
refused coverage based on the Insured v. Insured exclusion in the policy.

     On October 5, 2009, Dwight Miller, Wells Anderson, Gene King, Teresa King, and
Glenda L. Lane as Trustee of the Glenda L. Lane Trust filed an action in the Circuit Court of the
Sixth Judicial Circuit, Champaign County, Illinois against SCBI, John E. Gorman, and Gary L.
Svec.  The case, styled Miller, et al. v. Strategic Capital Bancorp, Inc., et al., (Miller) case
number, 2009 CH-200, arose out of plaintiffs' purchase of shares in SCBI through a private
offering and asserted claims of fraud, violation of the Illinois Consumer Fraud and Deceptive
Business Practice Act, and civil conspiracy based on alleged misstatements or omissions
regarding these securities.  Three of the five plaintiffs in the Miller action, Miller, Lane, and
Anderson, are former directors of SCBI; their claims account for 81% of the total damages
claimed.

     The present action was filed on February 2, 2010 in the Circuit Court of the Sixth
Judicial Circuit, Champaign County, Illinois.  SCBI and Gary Svec filed a Complaint for

Declaratory Judgment and Damages against St. Paul and the Miller plaintiffs seeking a judgment requiring St. Paul to pay their attorneys' fees for the Miller action.  Pursuant to 28 U.S.C. §1441(a) and 28 U.S.C. §1332 the case was removed to the United States District Court for the Central District of Illinois on Wednesday March 17, 2010.

After removal of the case against St. Paul, the Circuit Court ruled on SCBI, Gorman, and Svec's motions to dismiss the underlying Miller case.  On April 23, 2010, the Circuit Court dismissed the claims against Svec and Gorman with prejudice and dismissed the claims against SCBI without prejudice.

On May 18, 2010, SCBI filed the present Motion for a Preliminary Injunction (#11) with this court to require St. Paul, pursuant to their insurance policy, to cover all the loss SCBI incurred and continues to incur in defending the Miller case.  SCBI asks the court to advance all costs, even those which the court may ultimately determine are not covered under the Policy.

The Miller plaintiffs filed an Amended Complaint against SCBI in the Circuit Court on June 14, 2010.  The amended complaint asserts claims for fraud, negligence, and alleged violation of the Illinois Consumer Fraud and Deceptive Business Practices Act based on alleged misstatements or omissions in connection with plaintiffs' purchase of shares in SCBI through a private offering.  The case is currently pending before the Circuit Court.

ANALYSIS

I.  PRELIMINARY INJUNCTION STANDARD

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion."  Goodman v. Illinois Dept. of Financial and Professional Regulation, 430 F.3d 432, 437 (7th Cir. 2005)

(emphasis in original), quoting <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997).  A party seeking to obtain a preliminary injunction must demonstrate: (1) its case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) it will suffer irreparable harm if the injunction is not granted.  <u>Ty, Inc. v. Jones Group, Inc.</u>, 237 F.3d 891, 895 (7th Cir. 2001).  If the movant satisfies these three threshold conditions, then the court must consider the irreparable harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied. <u>Ty</u>, 237 F.3d at 895.  The court must also consider the public interest in denying or granting the injunction.  <u>Ty</u>, 237 F.3d at 895.  If the movant was able to meet its threshold burden, then the inquiry becomes a "sliding scale" analysis and all of the factors are weighed against one another. <u>Joelner v. Village of Washington Park, Illinois</u>, 378 F.3d 613, 619 (7th Cir. 2004).

## II.  LIKELIHOOD OF SUCCESS

"A party with no chance of success on the merits cannot attain a preliminary injunction." <u>AM General Corp. v. DaimlerChrysler Corp.</u>, 311 F.3d 796, 804 (7th Cir. 2002).  At the initial stage all that is necessary is for the moving party to show that it has "any likelihood of success." <u>AM General</u>, 311 F.3d at 804.  With this preliminary injunction SCBI seeks a court order requiring St. Paul to advance all reasonable and necessary defense costs and expenses that have been incurred in the <u>Miller</u> action including any costs which the court may later find are not covered under the policy.  For the following reasons, the court finds that SCBI has not carried the burden of proving likelihood of success on the merits since it has not shown that this court would ever require St. Paul to advance all costs associated with the underlying <u>Miller</u> action.

### a.  STATE LAW

Under the Erie doctrine a federal court in a diversity action must apply the controlling substantive law of the state.  Erie Railroad v. Tompkins, 304 U.S. 64 (1938); Fidelity and Deposit Co. of Maryland v. Rotec Industries, Inc., 392 F.3d 944, 949 (7th Cir. 2004). Substantive state law governs the construction of an insurance contract and, therefore, we must evaluate the insurance policy in this case under Illinois law.  Provau v. State Farm Mut. Auto. Ins. Co., 772 F.2d 817, 819 (11th Cir. 1985).

In Illinois, "refusal to defend is unjustifiable unless it is clear from the face of the underlying complaint that the facts alleged do not fall potentially within the policy's coverage." Outboard Marine Corp. v. Liberty Mut. Ins. Co., 154 N.E.2d 1204, 1212 (Ill. 1992).  In determining whether an insurer has a duty to defend its insured, courts look to the allegations in the underlying complaint and compare them to the relevant provisions of the insurance policy. Outboard Marine, 154 N.E.2d at 1212.  "If the provisions of the insurance policy are clear and unambiguous there is no need for construction and the provisions will be applied as written." U.S. Fire Ins. Co. v. Schnackenberg, 429 N.E.2d 1203, 1205 (Ill. 1981).   In order to succeed, SCBI must demonstrate that the claims in the underlying Miller action fall within, or potentially within, the Policy's coverage.  Outboard Marine Corp., 607 N.E.2d at 1212.

### b.  INSURED V. INSURED

The Policy at the center of this case includes a clause entitled "Duty of the Insurer to Defend" which requires St. Paul, as the insurer, to cover any Loss that is incurred by SCBI, the policyholder, in defending any Claim covered under the Policy. The Policy excludes coverage for claims brought by Insureds, under the following "Insured vs. Insured" exclusion.

> "The Insurer shall not be liable for Loss on account of any claim made against
> any Insured:…

5

4.  brought or maintained by or on behalf of any Insured...”

The Policy defines Insured as:

> **"Insured** means:
>      the Insured Persons”

The Policy defines Insured Persons as:

> **"Insured Persons** means:
>      Directors or Officers”

The Policy defines Directors or Officers as:

> **"Director or Officer** means:
>      any natural person who was, now is or shall be a duly elected or appointed director,
>      officer…”

It is undisputed in this case that three of the five Miller plaintiffs are former directors of

SCBI and thus are considered Insureds under the Policy.  It is further undisputed that two of the

five Miller plaintiffs are not Insureds.  Of the five plaintiffs, the damages sought by the three

former directors amounts to 81% of the total damages sought.  The primary question that this

court must address is whether the court should grant a preliminary injunction requiring St. Paul

to advance all costs associated with SCBI's defense of the Miller action when it is clear that at

least three of the five plaintiffs are Insured Persons and the Policy has an Insured vs. Insured

exclusion.

As already stated, it is undisputed that three of the five plaintiffs in the underlying Miller

action are Insureds.  All three are former directors and as such they met the Policy's definition of

Insured Person.  Under Illinois law, when an insurance policy's language is clear and

unambiguous there is no need for construction and the provisions will be applied as written.

U.S. Fire Insurance Co., 429 N.E.2d at 1205.  Since the Insured vs. Insured exclusion is

6

unambiguous, this court applies it as written and determines that as to the three Insured plaintiffs in the Miller action, the Policy does not require St. Paul to defend against their claims.

SCBI makes two primary arguments with respect to the Insured vs. Insured issue.  They rely on Level 3 Communications, Inc. v. Federal Insurance Company, 168 F.3d 956 (7th Cir. 1999) (Level 3), to buttress their claim that "it is well-established in Illinois and every other jurisdiction to consider the issue that that an insured-v-insured exclusion cannot bar a claim where non-insured plaintiffs are included in the lawsuit along with insured plaintiffs."  SCBI further claims that there is well-established Illinois law that states, where "there exists a potential for coverage as to at least some claims, the insurer's duty to defend is triggered and extends to the entire lawsuit."  SCBI's reliance on its referenced cases is misplaced and their claim to state well-established law is patently erroneous.

SCBI could benefit from a closer reading of Level 3.  A cursory review of that case reveals that the issue there was whether the presence of one "Insured" in a group of plaintiffs was indeed enough to trigger the Insured vs. Insured exclusion for the entire class of plaintiffs.  Level 3, 168 F.3d at 958.  The one Insured in that case was not one of the original six plaintiffs and joined the case months after the suit had been filed.  Level 3, 168 F.3d at 957.  Although the Seventh Circuit ruled that the Insured vs. Insured exclusion did not bar coverage of the claims by the non-insured plaintiffs, it did bar coverage for the claim made by the Insured.  Level 3, 168 F.3d at 956.

Level 3 did not deal with a case in which the majority of plaintiffs were Insureds and the overwhelming majority of damages were sought by Insureds.  In such a case, it may not be a "truly whacky result" for the entire action to be barred.  To be sure, Level 3 stated, "[t]he

presence of an Insured in the litigation could conceivably contaminate the entire litigation." Level 3, 168 F.3d at 960.   The court withholds, at this time, from determining whether this is a case in which the entire action could be barred.

The presence of an Insured and non-Insured within the same lawsuit does not automatically bar coverage for the entire suit nor automatically allow coverage for all claims.  What is well established is that if there is an Insured making a claim against another Insured and the insurance policy has an unambiguous Insured vs. Insured exclusion clause, the claims brought by the Insured will not be covered.  Level 3, 168 F.3d at 956; Sphinx International, Inc. v. National Union Fire Insurance Company of Pittsburgh, PA, 412 F.3d 1224, 1230 (11th Cir. 2005).  Here, it is clear that the claims by the former directors are not covered under the Policy. Further, SCBI has not met its burden of showing any likelihood of success on the other two claims.

SCBI next attempts to argue that St. Paul's duty to defend should extend to the entire lawsuit, even if some of the claims are ultimately not covered under the insurance policy.  They rely on two Illinois court of appeals cases.  These cases, however, are not directly on point and do not convince the court that it should force St. Paul to advance the cost of defending an action where it is clear that at least three fifths of the plaintiffs' claims will not be covered. Complicating this issue for SCBI is the fact that in order to grant a preliminary injunction, the moving party must demonstrate that it has some likelihood of succeeding on the merits. Ty, Inc., 237 F.3d at 895. SCBI is asking the court to force St. Paul to advance all defense costs associated with the Miller case, even if some claims ultimately are not covered.  In effect, SCBI is requesting that this court disregard well established law relating to the issuance of a preliminary injunction and grant its motion even though it has not shown a likelihood of succeeding on the merits.  This court refuses

the invitation to abandon one of the three initial thresholds to granting a preliminary injunction. SCBI is not relieved from its burden of demonstrating some likelihood of success on the merits.

Further, if the court were to require St. Paul to advance the cost of litigation for three claims that clearly fall within the Insured vs. Insured exclusion, it would, in effect, be forcing St. Paul to pay a substantial amount of money that the Policy never contemplated. Additionally, the fact that SCBI claims to not have the money at this time to pay its defense costs means that it likely would not have the money to repay St. Paul once the court ultimately rules that some, if not all, of the claims are not covered under the insurance policy. Even if SCBI could demonstrate that it would be able to repay St. Paul, the court does not believe that requiring the advancement of fees, which ultimately will need to be repaid, is an effective use of its time.

At this time, SCBI has failed to meet the lenient burden of showing any likelihood of success on the merits regarding the Insured vs. Insured exclusion. A plain reading of the Policy mandates a finding that, at the very least, three of the five plaintiffs' claims will be excluded. Even if the other claims are later found to be covered under the Policy, at this time, SCBI has not shown that it would have any chance of succeeding on the merits of a claim that St. Paul should advance all costs and expenses associated with its defense of the <u>Miller</u> action.

## c.  ALLOCATION

SCBI argues that the Allocation clause found within the Policy mandates that the presence of non-covered claims does not excuse St. Paul from its obligation to cover covered claims.   The Allocation clause provides:

> If…the Insureds incur an amount consisting of both Loss covered by this Policy and loss not covered by this Policy because the Claim includes both covered and uncovered matters, such amount shall be allocated between covered Loss and uncovered loss based upon the relative legal exposures of the parties to covered and uncovered matters.  (#19-1

pg 47 of 73)

Unfortunately, SCBI is unable to cite any cases where a court allocated the cost of legal fees between uncovered and covered claims at the preliminary injunction stage. Most courts that have allowed allocation have only done so after a final adjudication on the merits. See <u>Level 3</u>, 168 F.3d at 960. In those cases, allocation is easier to determine since all fees have been incurred and a court could easily determine what percentage of the damages and costs associated with the litigation went to each claim. In a case such as the one now before the court, it is much more difficult to allocate loss between covered and uncovered claims.

Further hurting SCBI's case is the fact that it has done little more than suggest that allocation is appropriate. There is a genuine question as to whether SCBI would even succeed on this issue. For example, the court in <u>Sphinx International</u>, distinguished <u>Level 3</u> and held that allocation was not appropriate even though at least one of the claims was not barred by the Insured vs. Insured exclusion in the insurance policy. <u>Sphinx International Inc.</u>, 412 F.3d at 1231. SCBI has fallen short of its burden of demonstrating any likelihood of success on this issue.

### d. LIKELIHOOD OF SUCCESS

SCBI has not carried the burden of persuading the court that it has any likelihood of succeeding on the merits of the case. It is clear from the language of the insurance policy that at least three of the five plaintiffs' claims are excluded under the Insured vs. Insured exclusion. Because SCBI has not shown that it would ultimately succeed on the merits, a preliminary injunction requiring St. Paul to advance all defense costs and expenses in the underlying <u>Miller</u> action cannot be granted.

## II.  REMAINING FACTORS

In order to obtain a preliminary injunction, the moving party must initially demonstrate: (1) its case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; *and* (3) it will suffer irreparable harm if the injunction is not granted.  Ty, Inc. 237 F.3d at 895. If a party fails to demonstrate that it has any chance of success on the merits then that party cannot attain a preliminary injunction.  AM General Corp. 311 F.3d at 804.  Here, Plaintiff has failed to meet the lenient threshold of demonstrating any likelihood of success on the merits and, therefore, a preliminary injunction is not warranted.  The court need not consider the other factors because Plaintiff has failed to establish any likelihood of success on the merits and without meeting this threshold requirement, the court need not inquire any further.  AM General Corp. 311 F.3d at 804.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's Motion for a Preliminary Injunction (#11) is DENIED

(2) This case is referred to Magistrate Judge David G. Bernthal for further proceedings.

ENTERED this 1st  day of July, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE