# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| STRATEGIC CAPITAL BANCORP INC., and GARY L. SVEC, and JOHN E. GORMAN, <br><br> Plaintiffs, <br> v. <br><br> ST. PAUL MERCURY INSURANCE COMPANY, DWIGHT MILLER, WELLS ANDERSON, GENE KING, TERESA KING, and GLENDA L. LANE AS TRUSTEE of the GLENDA L. LANE TRUST, <br><br> Defendants. | Case No. 10-CV-2062 |

## OPINION

On July 1, 2010, this court entered an Opinion (#21) denying Plaintiff's Motion for Preliminary Injunction. On July 8, 2010, Defendants Dwight Miller, Wells Anderson, Gene King, Teresa King, and Glenda L. Lane as Trustee of the Glenda L. Lane Trust filed this Motion to Reconsider Opinion of July 1, 2010 (#23). A Memorandum in Support of the Motion to Reconsider (#29) was filed on July 21, 2010. Defendant St. Paul Mercury Insurance Company has filed its Response to the Motion to Reconsider (#28). For the reasons stated below, the Motion to Reconsider (#23) is DENIED.

## ANALYSIS

In its Opinion (#21) of July 1, 2010, the court denied the Motion for Preliminary Injunction because it found that three of the plaintiffs involved in the underlying lawsuit were former

directors/officers of Strategic Capital Bancorp, and thus were insureds under the terms of St. Paul's insurance policy. Therefore, as insureds, they fell under the insured versus insured exception of the insurance policy and St. Paul was not required to defend against their claims. As those three plaintiffs constituted 81% of the total damages sought in the underlying lawsuit, the court could not conclude that Strategic would succeed on the merits and denied the motion for preliminary injunction.

In their Motion to Reconsider, Defendants argue that: (1) Defendants Miller, Lane, and Anderson were not directors of Strategic Capital Bancorp, but rather Miller and Lane were at one time or another on the board of Strategic Capital Bank, "which is a different corporation from Strategic Bancorp, Inc." and that Anderson was on the board of Strategic Capital Trust Company, which is "believed to be a subsidiary of Strategic Capital Bank not Strategic Bancorp. Inc."; and (2) Glenda L. Lane is suing in her capacity as Trustee of the Glenda L. Lane Trust, a separate legal entity from Glenda Lane the individual who served on the board of Strategic Capital Bank. Therefore, argues the motion, since Miller, Lane, and Anderson did not serve on the Strategic Capital Bancorp's board, the insured versus insured exception would not apply.

St. Paul responds that (1) both Strategic Capital Bank and Strategic Capital Trust Company are subsidiaries of Strategic Capital Bancorp, and as directors of subsidiaries, they fall under the insured versus insured exception of the policy; and (2) the complaint in this case states that Lane "as plaintiff in Miller, is a former director of the Insured Company" and, regardless, the distinction between the Lane the individual and Lane the trustee of her namesake trust is not sufficient to remove her from the definition of an insured.

Rule 60 of the Federal Rules of Civil Procedure allows a party to seek relief from a judgment

or order based on a clerical mistake or other oversight or omission. Fed. R. Civ. P. 60(a). It also allows a party to seek relief based on mistake, inadvertance, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1).

The court, however, agrees with St. Paul that no mistake was made in the original opinion. First, as it concerns the trustees not being on the board of Strategic Capital Bancorp, but two other entities, that does not alter the court's prior decision. It is acknowledged by both parties that Strategic Capital Trust Company, of which Anderson was a board member, is a subsidiary of Strategic Capital Bancorp. Further, the amended complaint filed on June 14, 2010, in the underlying state court action (Miller, et al v. Strategic Capital Bancorp, Inc., 09-L-220 (Circuit Court of Champaign County), establishes, in paragraph 2, that Strategic Capital Bancorp, Inc. owned all outstanding shares of Strategic Capital Bank. The filings make it clear that Strategic Capital Bank is a subsidiary of Strategic Capital Bancorp. Therefore, the question becomes whether Anderson, Lane, and Miller, as directors of subsidiary companies, still fall under the insured versus insured provision of the insurance policy.

The insurance policy provisions in question define "Insured" as "Insured Persons" and "Insured Persons" are defined as "Directors or Officers." "Directors or Officers" are defined as:

> "any natural person who was, now is or shall be a duly elected or appointed director, officer, member, of the board of managers, or management committee member of any Company incorporated or chartered in the United States of America."

"Company" is defined as "any entity named in the Declarations and its Subsidiaries." "Subsidiary" is defined as:

> "any entity in which more than 50% of the outstanding voting securities

representing the present right to vote for election of directors is owned, directly or indirectly, in any combination by one or more Companies."

Under Illinois law, "[i]f the provisions of an insurance policy are clear and unambiguous there is no need for construction and the provisions will be applied as written." U.S. Fire Ins. Co. v. Schnackenberg, 429 N.E.2d 1203, 1205 (Ill. 1981). Here, applying the provisions of the insurance policy as written, "Subsidiar[ies]" are included in the definition of the "Company," thus directors of subsidiaries such as the Bank and Trust are considered "Insureds" under the insurance policy just as if they were directors on the board of the parent company, Strategic Capital Bancorp itself. Therefore, as Miller, Lane, and Anderson are still considered "Insureds" under the policy, the Motion to Reconsider is DENIED as to that ground.

Next, regarding the claim that Glenda L. Lane should not be considered an "Insured" when she sues as trustee under the "Glenda L. Lane Trust," the court rejects that argument as well. The court agrees with St. Paul that the distinction between Lane the individual and Lane the trustee of her namesake trust is not sufficient to remove her from the definition of an "Insured." The policy states that "[t]he Insurer shall not be liable for Loss on account of any Claim made against any Insured brought or maintained by or on behalf of any Insured or Company in any capacity..." The court agrees that Lane's capacity as trustee neither eliminates her as an Insured nor bars application of the insured versus insured exclusion in this matter.[1] Therefore this portion of the Motion to Reconsider is also DENIED.

IT IS THEREFORE ORDERED:

---

[1] The court also notes the assertion made by St. Paul that, even were Lane's damages excluded, the remaining insureds' (Anderson and Miller) claims still exceed 50% of the total damages ought.

Defendants Dwight Miller, Wells Anderson, Gene King, Teresa King, and Glenda L. Lane as Trustee of the Glenda L. Lane Trust's Motion to Reconsider Opinion of July 1, 2010 (#23) is DENIED.

ENTERED this _____ day of July, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE