UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | | |
|---|---|---|
| STRATEGIC CAPITAL BANCORP, INC., and GARY L. SVEC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | LEAD CASE |
| ST. PAUL MERCURY INSURANCE COMPANY, DWIGHT MILLER, WELLS ANDERSON, GENE KING, TERESA KING, and GLENDA L. LANE, as Trustee of the Glen L. Lane Trust, | ) ) ) ) ) ) | Case No. 10-2062 |
| Defendants. | ) | |
| JOHN GORMAN, | ) | |
| Plaintiff, | ) | |
| v. | ) ) | CONSOLIDATED WITH |
| ST. PAUL MERCURY INSURANCE COMPANY, DWIGHT MILLER, WELLS ANDERSON, GENE KING, TERESA KING, and GLENDA L. LANE, as Trustee of the Glen L. Lane Trust, | ) ) ) ) ) ) | Case No. 10-2063 |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION

In June 2010, Plaintiffs Strategic Capital Bancorp Inc. [hereinafter "Strategic"], Gary L. Svec, and John E. Gorman filed an Amended Complaint for Declaratory Judgment and Damages (#19) against Defendant St. Paul Mercury Insurance Co. [hereinafter "St. Paul"]. Plaintiffs allege breach of contract. Federal jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

In July 2010, Defendant St. Paul filed Defendant, St. Paul Mercury Insurance Company's Motion to Dismiss Amended Complaint for Declaratory Judgment and Damages (#26). Plaintiffs Gorman, Svec, and Strategic subsequently filed Plaintiffs' Response to St. Paul's Motion to Dismiss (#34). Plaintiffs Dwight Miller, Wells Anderson, Gene King, Teresa King,

and Glenda L. Lane as Trustee of the Glenda L. Lane Trust [hereinafter "Realigned Plaintiffs"] filed Realigned Plaintiff's [*sic*] Memorandum in Opposition to Defendant St. Paul Mercury Insurance Company's Motion to Dismiss Amended Complaint (#44) in September 2010. After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant, St. Paul's Motion to Dismiss Amended Complaint for Declaratory Judgment and Damages **(#26)** be **GRANTED**.

**I. Background**

This case involves a dispute regarding coverage under an insurance contract. Plaintiff Strategic bought insurance coverage from Defendant St. Paul. The terms of the insurance contract (hereinafter the "Policy") provide that St. Paul has a duty to indemnify and a duty to defend against covered Claims. The Policy contains an "Insured vs. Insured" exclusion: "the Insurer shall not be liable for Loss on account of any Claim made against the Insured . . . brought or maintained by any Insured . . . ."

Plaintiffs bring suit against St. Paul for failing to defend and indemnify Strategic in a state court lawsuit, *Miller v. Strategic Capital Bancorp, Inc.*, No. 2009 CH-200 (Ill.Cir. filed Oct. 5, 2009).[1] The *Miller* lawsuit was brought by five parties, three of which are former directors of Strategic. St. Paul determined that the *Miller* suit fell within the "Insured vs. Insured" exclusion, and denied coverage.

**II. Standard**

All that Federal Rule of Civil Procedure 8(a) requires is a short and plain statement showing that the plaintiff is entitled to relief. The purpose of this rule is to give the defendant notice of the claims and the grounds upon which they rest. *EEOC v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007). If the plaintiff chooses to provide additional facts, beyond the short and plain statement requirement, plaintiff may plead himself out of court when the facts plaintiff provides demonstrate he has no claim. *Thompson v. Ill. Dep't of Prof'l*

---

[1]Plaintiffs in *Miller* also filed an Amended Complaint, No. 09-L-220, on June 14, 2010.

*Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Henderson v. Sheahan,* 196 F.3d 839, 846 (7th Cir. 1999) (stating that a plaintiff can plead himself out of court by alleging facts that undermine the validity of his claim).

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. When considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). The Court must treat all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (requiring plausible grounds for inferences if those inferences are to sustain a complaint).

Where a contract is attached as part of a pleading, a court may consider it in responding to a motion to dismiss, without converting the motion to one for summary judgment. *Beanstalk Grp., Inc. v. AM Gen. Corp.*, 283 F.3d 856, 856 (7th Cir. 2002). To the extent the contract contradicts a complaint, the contract trumps the facts or allegations presented in a complaint. *Chi. Dist. Counsel of Carpenters Welfare Fund v. Caremark*, 474 F.3d 463, 466 (7th Cir. 2007).

### III. Discussion

Defendant argues that it has no duty to defend or indemnify Plaintiffs with respect to any expenses resulting from the *Miller* lawsuit due to an applicable "Insured vs. Insured" exclusion in the Policy. Plaintiffs concede that they are not entitled to indemnification for costs allocable to plaintiffs in the *Miller* action that are former directors of Strategic. Plaintiffs argue that the *Miller* claims are allocable under the Policy, and thus St. Paul has a duty to indemnify Strategic with respect to loss associated with the two *Miller* plaintiffs that are not Insureds. Furthermore, Strategic argues that under the Policy, St. Paul had a duty to provide costs for defense up front

for the entire *Miller* lawsuit, though Strategic concedes the Policy provides that the Insured must reimburse St. Paul for costs that are eventually determined to be not covered by the Policy.

This is a diversity action, and as such this Court must apply the controlling substantive law of the state, which in this case is Illinois. *Erie Railroad v. Thompkins*, 304 U.S. 64 (1938); *Fid. & Deposit Co. v. Rotec Indus., Inc.*, 392 F.3d 944, 949 (7th Cir. 2004). Substantive state law governs the construction of an insurance contract, and so the Policy in this case must be evaluated under Illinois law. *Provau v. State Farm Mut. Auto. Ins. Co.,* 772 F.2d 817, 819 (11th Cir. 1985). No issues in this case, however, turn on peculiarities of Illinois law.

Plaintiffs seek a declaration that St. Paul was obligated to defend in *Miller*. In order to determine whether St. Paul had a duty to defend or indemnify, the Court must compare the allegations in the *Miller* complaint with the relevant provisions of the insurance policy. *SBC Holdings, Inc. v. Travelers Cas. & Sur. Co.*, 872 N.E.2d 10, 17 (Ill.App. 2007). In order for a claim for coverage to survive a motion to dismiss, the facts alleged in the *Miller* complaint must fall within, or potentially within, the policy's coverage. *Id.* at 17. However, an insurer has no duty to defend "if it is clear from the face of the [underlying] complaint that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage." *Id.* The construction of the insurance policy is a question of law. *Id.* Here, Plaintiffs have attached the *Miller* complaint and the amended complaint to their pleadings. (#19-2, #19-3).

Where the language of a contract is clear and unambiguous, it must be applied as written. *U.S. Fire Ins. Co. v. Schnackenberg*, 429 N.E.2d 1203, 1205 (Ill. 1981). On the other hand, if the words in an insurance policy are ambiguous, they must be construed in favor of the insured and against the insurer who drafted the policy. *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 607 N.E.2d 1204, 1212 (Ill. 1992). A court should consider only reasonable interpretations of the policy language, and it should not strain to find an ambiguity where none exists. *Hobbs v. Hartford Ins. Co.*, 823 N.E.2d 561, 564 (2005).

Under Illinois law, absent contractual language to the contrary, an insurer must defend all claims in a complaint if its policy covers at least one of the claims. *Phila. Indem. Ins. Co. v. Chi. Title Ins. Co.*, No. 09 C 7063, 2010 WL 2757542, at *3 (N.D. Ill. July 13, 2010) (citing *Maryland Cas. Co. v. Peppers*, 355 N.E.2d 24, 28 (Ill. 1976)). However, parties may contract for insurance terms that deviate from this default rule. *Id.* (citing *Zurich Ins. Co. v. Raymark Indus., Inc.*, 514 N.E.2d 150 (1987)).

Therefore, this Court must examine the language of the Policy to determine if it is clear, or whether it is ambiguous, with respect to St. Paul's duty to defend and its duty to indemnify against the *Miller* lawsuit. There are four relevant provisions in the Policy.

*1. Definition of "Claim"*

First, in defining the term "Claim," the Policy states: "Claim means the following, including any appeal therefrom: . . . (b) a civil proceeding against any Insured commenced by the service of a complaint or similar pleading." (#19-1, p. 36). This language indicates that, wherever the Policy refers to a "Claim," it is referring to a lawsuit in its entirety, as opposed to claims within a lawsuit.

*2. The "Insured vs. Insured" Exclusion*

Second, the text of the "Insured vs. Insured" exclusion that is the basis of this dispute reads as follows:

> Exclusions Applicable to All Insuring Agreements and to All Loss: The Insurer shall not be liable for Loss on account of any Claim made against any Insured . . . brought or maintained by or on behalf of any Insured or Company in any capacity, except [*exceptions omitted*].

(#19-1, p. 42).

Notably, the heading of this exclusion states that the exclusion is applicable to all insuring agreements and to all loss. This is an important contrast from a following section, for which the heading states "Exclusions Applicable to All Insuring Agreements and to Loss Other

5

Than Defense Costs." (#19-1, p. 43). Based on the heading of the "Insured vs. Insured" exception, this Court finds that it is clear that the "Insured vs. Insured" exception applies to all insuring agreements and to all loss. This encompasses St. Paul's duty to defend and its duty to indemnify. If the parties had a different intention, they could have distinguished these duties, as they did in the following section of the Policy. Therefore, this Court rejects Plaintiffs' arguments that the "Insured vs. Insured" exclusion only applies to indemnification, and not to the duty to defend.

Furthermore, the "Insured vs. Insured" exception refers to a "Claim." As this Court noted above, a Claim is defined as a civil proceeding, implying it refers to the entirety of a lawsuit. Therefore, the plain language of the "Insured vs. Insured" exclusion provides that the insurer will not be liable for loss on account of any civil proceeding made against any Insured brought or maintained by *any* Insured. The "Insured vs. Insured" exclusion therefore encompasses the situation in which some plaintiffs in a civil proceeding are Insureds and others are not.

*3. Duty to Defend*

> Third, in a section titled "Duty of the Insureds to Defend," the Policy states:
>
> > Subject to the Allocation section, the Insurer shall advance, on behalf of the Insureds, Defense Costs which the Insureds have incurred in connection with the Claims made against them, before disposition of such Claims, provided that to the extent that it is finally established that any such Defense Costs are not covered under this Policy, the Insureds, severally according to their respective interests, agree to repay the Insurer such Defense Costs.

(#19-1, p. 46).

The only important thing to note in this provision is that the Allocation section, discussed below, provides a limitation on when a duty to defend is triggered.

*4. Allocation*

>The Policy provision on Allocation states:
>
>If on account of any Claim the Insureds *who are covered for such Claim* under this policy incur Loss jointly with others, including any Insureds who are not covered for such Claim under this Policy, or the Insureds incur an amount consisting of both Loss covered by this Policy and loss not covered by this Policy because the Claim includes both covered and uncovered matters, such amount shall be allocated between covered Loss and uncovered loss based on the relative legal exposures of the parties to covered and uncovered matters [*emphasis added*].

(#19-1, p. 47).

As the words "who are covered for such Claim" imply, this allocation provision only applies where there is a Claim for which Insureds have coverage. As previously discussed, the "Insured vs. Insured" exclusion, by its plain language, excludes any Claim where any plaintiff is an Insured. While Loss is allocable under this provision, a Claim is not allocable. Rather, a Claim is defined as "a civil proceeding," in its entirety. Therefore, the allocation provision does not apply to an uncovered Claim, and the duty to defend clause quoted above, which states it is limited by the Allocation section, also does not apply.

## IV. Summary

In summary, this Court finds that the plain language of the "Insured vs. Insured" exclusion indicates that St. Paul has no duty to defend or to indemnify in civil proceedings brought or maintained by any Insured. Though Plaintiff argues the Allocation section demonstrates that costs of the *Miller* lawsuit should be allocated, this Court finds that the plain language of the Allocation section indicates that allocation is only appropriate when Insureds are covered for the Claim. Here, Insureds are not covered for the Claim by the plain language of the "Insured vs. Insured" exclusion.

As a procedural matter, the Realigned Plaintiffs argue that it is improper for the Court to grant a motion to dismiss with prejudice at this stage, because the Realigned Plaintiffs did not draft the pleadings. This Court notes that, because its recommendation in this case is based on

7

the Policy language, and not due to any inadequacy of the pleadings, granting Realigned Plaintiffs an opportunity to add to pleadings would be futile here.

For the reasons stated above, this Court recommends that Defendant, St. Paul's Motion to Dismiss Amended Complaint for Declaratory Judgment and Damages **(#26)** be **GRANTED**.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 20th day of October, 2010.

                                                     s/ DAVID G. BERNTHAL
                                                    U.S. MAGISTRATE JUDGE